

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Wallace v. Price

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-9002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wallace v. Price" (2007). *2007 Decisions.* Paper 934.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/934

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-9002 & 03-9003

———————

WILLIAM WALLACE, JR.,

Appellant

v.

JAMES PRICE, Superintendent

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 99-cv-00231)
District Judge: Hon. Sean J. McLaughlin

———————

Argued June 7, 2007

Before: FUENTES, GREENBERG and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 18, 2007)

———————

OPINION

———————

**ROTH**, <u>Circuit Judge</u>:

William Wallace was sentenced to death after a Pennsylvania jury convicted him of

first degree murder in the death of Tina Spalla. The jury also convicted Wallace of robbery,

criminal conspiracy, and second degree murder in the death of Carl Luisi. Wallace has filed a habeas petition under 28 U.S.C. § 2254, challenging his convictions. The District Court, adopting the Report and Recommendation of the Magistrate Judge, ordered that the first degree murder conviction be vacated because the trial court did not admit hearsay evidence of a statement made by Wallace's accomplice, Henry Brown, that he, not Wallace, shot Spalla. The District Court held that the refusal to admit this statement violated Wallace's rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment, as set forth in *Chambers v. Mississippi*, 410 U.S. 284 (1973). The other convictions were allowed to stand, leaving Wallace to serve a sentence of life imprisonment without the opportunity for parole.

Wallace appealed the judgment of the District Court, raising the following five claims: First, the exclusion of evidence of Brown's confession warranted the vacating of all Wallace's convictions, not just the conviction for first degree murder. Second, the manner by which Brown's testimony was secured violated Wallace's rights to due process and a fair trial. Third, Wallace's trial counsel was ineffective for failing to seek an independent ballistics test. Fourth, Wallace's Sixth Amendment right to counsel was violated when the prosecution enlisted the aid of a jailhouse informant, who later testified against Wallace. Fifth, the penalty-phase jury instructions regarding mitigation erroneously suggested a need for unanimity in violation of *Mills v. Maryland*, 487 U.S. 367 (1988), and that error was not harmless. The Commonwealth cross-appealed, claiming that the District Court erred in

vacating the first degree murder conviction on the grounds that Wallace's federal constitutional rights were violated and also erred in not concluding that any possible errors were harmless.

We do not recount the facts and history of this case, which are well-known to the parties. The Report and Recommendation and the opinion of the District Court are thorough and well-reasoned, and we readily affirm the judgment of the District Court in full, with one exception. On the question of whether the *Chambers* and Confrontation Clause violations amounted to harmless error, the District Court conducted *de novo* review.[1] Before doing so, the District Court should have considered whether the determination by the Supreme Court of Pennsylvania that any error under Pennsylvania law in failing to admit this evidence for impeachment purposes was harmless, *Com. v. Wallace*, 561 A.2d 719, 725-26 (Pa. 1989), was binding on federal habeas review under 28 U.S.C. § 2254(d). We need not resolve the issue, however, because the Commonwealth conceded at oral argument that in this case, with regard to the *Chambers* and Confrontation Clause violations, we are not bound by the harmless error determination made by the Supreme Court of Pennsylvania.

Because the writ is granted as to Wallace's conviction for first degree murder, we will

---

[1] In conducting this analysis, the District Court assessed the error under the "substantial and injurious effect" standard set forth in *Brecht v. Ambrahamson*, 507 U.S. 619 (1992). The District Court was right to use the *Brecht* standard, regardless of whether the Pennsylvania courts had recognized the precise error at issue and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman v. California*, 386 U.S. 18 (1967). *See Fry v. Pliler*, ___ S.Ct. ___, 2007 WL 1661463, at *6 (June 11, 2007).

3

dismiss as moot his penalty-phase claim under *Mills*, which goes only to the sentence on that conviction.

For the reasons stated above, we will affirm the judgment of the District Court.